IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DWIGHT BRASSEAUX,** § | |
|    *Plaintiff,* § | **CIVIL ACTION NO.: 6:17-cv-00755** |
| § | |
| v. § | **JUDGE: RFD** |
| § | |
| **JASON W. SMITH, BOOTS SMITH** § | **MAGISTRATE: CBW** |
| **PIPELINE SERVICES, LLC, BOOTS** § | |
| **SMITH OILFIELD SERVICES, LLC,** § | **JURY TRIAL DEMANDED** |
| **BOOTS SMITH ENERGY GROUP, INC**. § | |
|    *Defendants.* § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Dwight Brasseaux, who complains of named Defendants herein,

### I.
### NATURE OF THE LAWSUIT

1. Plaintiff, Mr. Dwight Brasseaux, a former employee of the defendants, brings this diversity action for unpaid wages/commissions, breach of contract, and alternatively, unjust enrichment.

### II.
### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. This court has personal jurisdiction over the defendants under La. Rev. Stat. Ann. § 13:3201 because this cause of action arises from the business they have transacted in this state.

4. Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.
## PARTIES

5. Plaintiff is a citizen of Louisiana, and is domiciled in Vermilion Parish.

6. Defendant Boots Smith Pipeline Services, LLC is a corporate citizen of Mississippi registered to do business in Louisiana. It may be served through its Registered Agent: Cogency Global Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

7. Defendant Boots Smith Oilfield Services, LLC is a corporate citizen of Mississippi registered to do business in Louisiana. It may be served through its Registered Agent: Cogency Global Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

8. Defendant Boots Smith Energy Group, Inc., is a corporate citizen of Mississippi registered to do business in Louisiana. It may be served through its Registered Agent: Cogency Global Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

9. Defendant Jason W. Smith is the owner and managing member of the Defendant companies, and a citizen of Mississippi. At all times relevant to this complaint, Smith was actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the Defendant companies.

## IV.
## FACTUAL ALLEGATIONS

10. Mr. Brasseaux's employment with the defendants began in September of 2011 following a telephone interview. He was living in Kaplan, Louisiana when he received an unsolicited call from an agent or employee of the defendants. This person stated that the

Defendants wanted Mr. Brasseaux to replace one of their Superintendants.

11. Mr. Brasseaux negotiated the terms of his employment from his home in Kaplan. He agreed to work for the defendants in exchange for $3,000 a week, plus a $120 *per diem* payment, and most importantly, job completion bonuses of 2% of the net profit for each completed project.

12. Mr. Brasseaux never travelled to Mississippi to meet his new employer(s) or to sign any employment documentation. Indeed, to this day he has never been to the defendants corporate office(s) in Laurel, Mississippi.

13. After his hire, Mr. Brasseaux oversaw numerous projects in several different states, including Louisiana. For each of these projects, whenever Defendants made a profit, Mr. Brasseaux was paid a project completion bonus.

14. In approximately 2013, Defendants opened a location in Lafayette, LA. This was deemed to be Mr. Brasseaux's permanent site from that time through the end of his employment in January of 2017.

15. During the entirety of his employment, Mr. Brasseaux paid income taxes to Louisiana and other states where work was being performed, and not Mississippi.

16. Due to Mr. Brasseaux's hard work and success, by 2014, his project completion bonus had been increased from 2% to 5% and his weekly salary was increased to $3,200.

17. In 2015, Defendants did not pay Mr. Brasseaux his projected bonus of $235,482. They refused to pay the bonus, even though Mr. Brasseaux's project had earned over six million dollars in net profit that year, and Boots Smith Pipeline Services, LLC stated it had net proceeds of $36,175,553 in 2015.

18. Mr. Brasseaux was also denied his 2016 bonus of $15,737.25.

19. Mr. Brasseaux's hard work, skill and efficiency as a Superintendent resulted in an increase in the company's profits and good will. Indeed, he alone made over twenty million dollars in net profits during his tenure as an employee, yet the defendants will not pay Mr. Brasseaux the $237,651.29 in project bonuses that he earned.

20. On February 6, 2017, Mr. Brasseaux sent a letter to the defendants requesting his pay pursuant to La. R.S. 23:631. The defendants have not denied that the bonus was owed; they simply have not paid it.

21. Since the end of 2015, The defendants have not attempted, in good faith, to pay Mr. Brasseaux what he is owed. Instead, upon information and belief, Jason Smith has begun to strip his various LLC's of their assets (e.g., equipment, materials, and cash) to avoid his and his companies' creditors. Further, Plaintiff has reason to believe Jason Smith has shuffled funds between his corporate accounts and personal accounts, essentially using these companies as shells to hide his assets and to underfund certain LLCs such as Boots Smith Pipeline Services Company, LLC.

22. All defendants are a single entity. They are all owned by Jason Smith, and have common Directors r Officers, Mr. Smith exercises financial control over all corporate defendants and their personnel, and there is an interrelation of operations and finances.

V.
**CAUSES OF ACTION**

*A.* **Count One: Breach of Contract**

23. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

24. The parties' in this suit agreed that Mr. Brasseaux would work as an employee in exchange for a salary of $3,200 per week, $120.00 per diem, and a 5% project completion bonus

from 2014 through 2016. Thus, under the terms of La. Civ. Code Ann. § art.1908, the parties entered into a contract.

25.  The defendants' failure to pay Mr. Brasseaux his 2015 and 2016 bonuses (totaling $237,651.29), despite his performing his work to the best of his ability, constitutes breach of contract.

**B.    Count Two: Violation of La. Rev. Stat. Ann. 23:631-632**

26.  Plaintiff incorporates by reference the allegations in each of the preceding paragraphs of this Amended Complaint.

27.  Upon termination of employment, La. Rev. Stat. Ann. 23:631 imposes a mandatory duty on employers to pay any amount then owed to the employee. To recover penalties under La. Rev. Stat. Ann. 23:632, the employee must prove: (1) wages are due and owing; (2) a demand for payment must have been made at the place where the employee is usually paid; and (3) the employer failed to pay upon demand.

28.  Because Defendants did not pay Mr. Brasseaux his commissions within 15 days of his separation from employment, or within 90 days of the letter sent to Jason Smith on February 6, 2017 demanding payment under this statute, Defendants owe the Plaintiff 90 days' pay under Louisiana law, or $38,400.00.

**C.    Count Three: Unjust Enrichment / Detrimental Reliance**

29.  Alternatively, Defendants are liable to pay Plaintiff the promised wages because the actions of Defendants in inducing Plaintiff to work an exorbitant number of hours to run his projects efficiently in reliance on a promise of additional pay (project completion bonus) saved the defendants a significant amount of money on their project costs, and if not paid would unjustly

enrich the defendants.  *See* La. C.C. Art. 1967 (Detrimental Reliance) and La. Civ. Code Ann. art. 2298 (Unjust Enrichment).

## VII.
## ATTORNEY'S FEES

30. As a result of Defendants' unreasonable refusal to pay, Plaintiff has had to retain the undersigned attorney and incur reasonable and necessary attorney's fees.

## VIII.
## JURY DEMAND

31. Plaintiff demands trial by jury.

## IX.
## DAMAGES

Because of the above-mentioned actions, Plaintiff seeks the following damages:

   a. Payment of all earned commissions ($237,651.29)
   b. Attorney's fees:
   c. Costs of these proceedings,
   d. Statutory penalties of 90 days' pay: ($38,400.00)
   e. Injunctive relief,
   f. Any and all other damages and/or relief, equitable or otherwise, to which he may be entitled under state or federal law;
   g. Pre-judgment and post-judgment interest accruing at the maximum rate allowed by law;
   h. All further relief to which he may be entitled.

## X.
## PRAYER

WHEREFORE, Plaintiff respectfully prays that Defendants be cited to appear and answer herein and that upon a final hearing of this action judgment be entered for Mr. Brasseaux against the defendants for damages in an amount within the jurisdictional limits of this Court, which shall include all above-mentioned damages and any other relief, at law or in equity, to which he may be entitled.

Respectfully Submitted,

*/s/ Justin Mueller*
Justin Mueller
La. Bar Roll No. 36108
Mueller, Merritt & Heard, LLC
Lafayette Office
405 W. Main St., Suite 104
Lafayette, LA 70501
Telephone: 337.326-3366
Fax: 337.366.0026
Email: Justin@AcadianaLawyers.com
***Attorney for Plaintiff***